UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FOX ROTHSCHILD LLP,

               Plaintiff,

  -against-

GELESHMALL ENTERPRISES LLC

               Defendant.

19-cv-4394

**COMPLAINT**

---

Plaintiff Fox Rothschild LLP ("Fox"), as and for its Complaint against defendant Geleshmall Enterprises LLC ("Defendant"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action by a law firm against its former client for recovery of over $235,000 in unpaid legal fees. Pursuant to an executed engagement letter dated November 1, 2016, Fox represented Defendant in a federal litigation matter, as well as an arbitration, which ultimately resolved the matter favorably for the client. The fees incurred by Fox were reasonable and represented legal work of which Defendant approved and to which Defendant never posed an objection. As reflected in the invoices sent to Defendant by Fox, the total amount outstanding to the firm is $237,559.10, plus interest.

## THE PARTIES, JURISDICTION AND VENUE

2. Fox is a law firm, organized as a limited liability partnership. Fox is authorized to do business in New York, and has an office within New York State located at 101 Park Avenue, Suite 1700, New York, NY 10178. For purposes of this action, Fox is a resident of New York County.

3. Defendant Geleshmall Enterprises LLC ("Geleshmall") is, upon information and belief, a California limited liability company doing business at 13425 S. Figueroa St., Los Angeles, CA 90061.

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendant because it transacted business in the state of New York.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Fox resides in this District and a substantial part of the events and omissions giving rise to the claims herein occurred in this District.

## THE FACTS

**Defendant Engaged Fox To Perform Legal Services**

8. Pursuant to a written letter of engagement dated November 1, 2016 (the "Engagement Letter"), Fox was retained to perform legal services in connection with (1) the defense of claims asserted against Defendant pursuant to the United States Lanham Act, 15 U.S.C.§§ 1051 *et seq.* (as amended) and New York common law in a federal court action in the United States District Court for the Eastern District of New York entitled *FUJIFILM North America Corporation v. Abesons Corp, et al.*, (No 1:16-cv-05677-BMC) (the "EDNY Action") and (2) the assertion of Defendant's counterclaims against FUJIFILM North America Corporation ("FUJIFILM") in arbitration venued in New York (the "Arbitration").

9. Upon information and belief, Defendant retained Fox to establish an attorney-client relationship with local attorneys based in New York in order to litigate the EDNY Action.

10.     The Engagement Letter was signed by David Golshirazi ("Golshirazi"), founder and president of Defendant. A true and correct copy of the Engagement Letter is annexed hereto as Exhibit A.

11.     In accordance with the Engagement Letter, Defendant agreed to pay, within 30 days of receipt, all time charges billed by Fox and all costs and disbursements incurred by Fox. Defendant also agreed that any unpaid invoices would accrue interest at the maximum rate permitted by applicable laws.

**Fox's Work for Defendant**

12.     Between November 2016 and November 2017, Fox performed legal services for Defendant in connection with the EDNY Action and the Arbitration.

13.     The attorneys staffed on the matters, Daniel Schnapp and Beth Oliva, are based in New York and communicated with Defendant throughout the representation via phone and email and appeared on Defendant's behalf in both the EDNY Action and the NY-based Arbitration.

14.     Christopher Kinkade, another attorney who worked on matters for Defendant, also engaged in communications with Defendant while he worked in the New York office of Fox Rothschild during the course of the representation and appeared on behalf of the client in the United States District Court for the Eastern District of New York.

15.     Fox ultimately secured a favorable resolution to both proceedings by negotiating and finalizing a settlement agreement between FUJIFILM and Defendant.

16.     On an approximately monthly basis, Fox sent invoices for legal services performed for Defendant. True and accurate copies of the invoices are attached hereto as Exhibit B. The total of all invoices sent by Fox to Defendant representing total fees, costs, and disbursements due to Fox from Defendant that remain unpaid is $237,559.10.

17. Accordingly, Fox is entitled to payment in the amount of $237,559.10 plus 9% interest annually as permitted by applicable laws.

18. The total interest on the unpaid amount equals $27,647.98, which represents 9% calculated annually from January 13, 2018, the due date of the final invoice, to April 30, 2019.

19. Accordingly, as of April 30, 2019, Defendant owes a total of $265,207.08 to Fox.

20. Together with each invoice, Fox also sent Defendant a written statement of its account then due and owing to the firm, true and accurate copies of which are annexed hereto as part of Exhibit B.

**Fox's Collection Efforts**

21. Beginning in March 2017 and through the end of 2018, Fox initiated numerous communications, on a more than monthly basis, via phone and email to Defendant, regarding the unpaid balances on Defendant's account.

22. On a few occasions, Defendant made small payments towards its outstanding invoices, the last of which was received in November 2017.

23. On May 8, 2017, a member of Defendant's accounts payable department notified Fox that Golshirazi was going to contact the firm to dispute a portion of the time billed.

24. Contrary to this assertion, Golshirazi never contacted anyone at Fox to dispute any of the work billed.

25. Despite Defendant's severe past due amounts, Fox continued to perform work on behalf of Defendant in order to fulfill its professional obligation towards the client.

26. After continuing efforts on the part of Fox for payment for amounts due for over a year, on October 31, 2018, Fox sent a letter to Defendant (the "Arbitration Letter") enclosing the "Notice of Client's Right to Arbitrate a Dispute over Attorneys' Fees" with accompanying

instructions, as a prerequisite to commencing any collection efforts against Defendant. A true and correct copies of the Arbitration Letter is attached hereto as Exhibit C.

27. To date, despite repeated requests for the amounts due, Defendant has failed to make payment for the amounts due and owing to Fox for legal services rendered and stopped communicating with Fox as of November 2017.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

28. Fox repeats and realleges each allegation contained herein.

29. The Engagement Letter constitutes a valid agreement between Fox and Defendant.

30. Fox performed its obligations under the Engagement Letter by providing quality legal work to Defendant, which Defendant did not dispute.

31. Defendant's failure to pay the invoices issued by Fox constitutes a material breach of the Engagement Letter.

32. By reason of their breach of contract, Defendant is liable to Fox, and Fox is entitled to recover from Defendant, $237,559.10 plus interest in the amount of $27,647.98.

## SECOND CAUSE OF ACTION
**(Account Stated)**

33. Fox repeats and realleges each allegation contained herein.

34. Fox provided Defendant with invoices and written statements of its account then due and owing to the firm on an approximately monthly basis.

35. Though a representative of Defendant claimed that it intended to dispute amounts owed, ultimately Defendant did not contest the accuracy of the invoices or statements and stopped communicating with Fox.

2. No portion of the amounts owed have been paid by Defendant.

36. Accordingly, Defendant is liable to Fox, and Fox is entitled to recover from Defendant, the sum of $237,559.10, plus interest in the amount of $27,647.98.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

37. Fox repeats and realleges each allegation contained herein.

38. Through its legal work, Fox conferred a substantial benefit on Defendant.

39. Defendant, fully aware that Fox was providing valuable services, accepted and retained the benefits of Fox's services.

40. It is unjust for Defendant to retain the benefit of Fox's services without payment.

41. The value of the benefit conferred meets or exceeds $237,559.10.

42. By reason of the foregoing, Defendant is liable to Fox in the amount of $237,559.10, plus interest in the amount of $27,647.98.

WHEREFORE, plaintiff Fox Rothschild LLP demands judgment against Defendant as follows in the amount of $237,559.10, plus interest in the amount of $27,647.98; post-judgment interest, costs, attorneys' fees and any other and further relief that the Court deems just and proper.

Dated: New York, New York
      May 14, 2019                              Respectfully submitted,

                                                     FOX ROTHSCHILD LLP

                                                     /s/ Elizabeth C. Viele_____
                                                     Elizabeth C. Viele, Esq.
                                                     101 Park Avenue, 17th Floor
                                                     New York, NY 10178
                                                     Tel.: 212.878.7900
                                                     Fax: 212.692.0940
                                                     *Attorneys for Plaintiff*